**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

DEANNA R. HESSE,

      Plaintiff,

v.                                                              No. Civ. 09-713 LH/ACT

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
GROUP CORPORATION,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendants Provident Life and Accident Insurance Company ("Provident Life") and Unum Group Corporation ("Unum") on July 22, 2009. The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte*. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered Defendants Notice of Removal, Plaintiff's Complaint, the applicable law, and otherwise being fully advised, concludes that the Notice fails to allege the necessary facts of *citizenship* of Plaintiff to sustain diversity jurisdiction. Therefore, the Court will order Defendants to file an amended notice of removal within 30 days, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**I.      BACKGROUND**

On July 22, 2009, Defendants filed a Notice of Removal under 28 U.S.C. § 1332. [Doc. 1 at 2.] The Notice asserts that there is complete diversity between Plaintiff and Defendant and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. The Notice also

alleges the following regarding jurisdiction:  Plaintiff is a "resident" of New Mexico, Defendant Provident Life is a Tennessee corporation with its principal place of business in Tennessee, and defendant Unum is a Delaware corporation with its principal place of business in Tennessee.  *Id*. The underlying Complaint alleges that Plaintiff is a "resident" of New Mexico and that Defendants are foreign corporations.  *Id.* at Ex. 3, at 1.

## II.     LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III.    DISCUSSION

Defendants assert jurisdiction based on diversity of citizenship as provided for in 28 U.S.C. § 1332.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." § 1332(a).  When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." § 1441(b).  Jurisdiction under section 1332 requires diversity of *citizenship*.  The party asserting jurisdiction must plead citizenship distinctly and affirmatively.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of

establishing diversity."); James Wm. Moore, Moore's Federal Practice § 102.31 (3d ed. 2006) (party asserting jurisdiction should allege that he or she is a citizen and carefully allege facts establishing each party's citizenship).  Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely.  *Crowley v. Glaze*, 710 F.2d 676, 677 (10th Cir. 1983).  A corporation, however, is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c).

Here, the facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of Plaintiff.  While the Notice sufficiently alleges the citizenship of the corporate Defendants, because it alleges their states of incorporation and the states of their principal place of business, neither the Notice nor the Complaint properly allege the citizenship of Plaintiff.  Instead, they both merely assert that Plaintiff is a "resident," rather than "citizen," of New Mexico.  By failing to mention the citizenship of Plaintiff, the Notice fails to properly state a basis for subject matter jurisdiction in this Court.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective.  *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968).  Technical defects, however, may be cured by amendment of the notice.  *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Whitelock*, 460 F.2d at 515 (permitting plaintiff 20 days to file verified amendment to complaint alleging, in addition to each party's residence, each party's

citizenship at time of filing of original complaint). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case "would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (internal footnotes omitted).

This case has proceeded thus far without notice by any of the parties of jurisdictional problems, and the time for filing a motion to remand the case has passed. *See* 28 U.S.C. § 1447(c). It thus appears likely that the existence of diversity of citizenship can be established. Consequently, the Court will give Defendants the opportunity to file an amended notice of removal to properly allege diversity of citizenship of each party at the time of the filing of the original complaint, in accordance with this opinion, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendants are granted **THIRTY (30) DAYS** leave to amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed within **THIRTY (30) DAYS** of the date of entry of this Order, the Court will remand this case to the Thirteenth Judicial District Court for the County of Sandoval, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE